

MEMO ENDORSED

RECEIVED SEP 20 2022 U.S.D.C. W.P.

United States of America

v

Kareem Granger

S111 Cr. 630 (KMK)
14 Civ.6627 (KMK)

Successive Motion for Compassionate Release

Now comes the petitioner, Kareem Granger, requesting this Court to reduce this sentence and/or release him under 18 U.S.C 3582 (c)(1)(a) In conjunction with the compassionate release provision of the First Step Act. Petitioner recognizes this is a successive motion, but asserts several facts have changed through time and research, especially on the legal landscape, substantially, and for these reasons, petitioner asks for a full and fair consideration from this Court.

Introduction

Although a court may not normally "modify a term of imprisonment once it has been imposed," there are certain limited exceptions, including "compassionate release" under 18 U.S.C. 3582. A court may reduce prisoner's sentence when it finds that there are "extraordinary and compelling reasons" that warrant such a reduction, but one of two conditions must first occur: (1) either the BOP Director may move the Court to release the prisoner; or (2) alternatively, the prisoner himself may move the Court, but only after he has fully exhausted all administrative rights. See 189 U.S.C. 3582 (C)(1)(A)

Prior to the First Step Act, sole authority rested with the BOP to determine what reasons, for purposes of compassionate release, are "extraordinary and compelling". See U.S.S.G. 1B1.13 (BOP Policy Statement). App. Note 1(D).

The BOP Policy Statement includes as an extraordinary and compelling reason the existence of a serious physical or medical condition, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. U.S.S.G. 1B1. 13 cmt. 1 (A)(ii)(1).

It also permits the Court to consider whether the incarcerated person is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. 3142 (g). However the Second Circuit in U.S. v. Brooker recently determined that "the First Step Act" freed district Courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motion for compassionate release. See 976F.3d228.237 (2d. Cir. 2020). The only statutory limit on what a court may consider to be extraordinary and compelling is that rehabilitation alone, shall not be considered an extraordinary and compelling reason.

If the sentencing court finds that extraordinary and compelling reasons exist, it may reduce the term of imprisonment, after considering the factors set forth in section 3553 (a) to the extent that they are applicable. 18 U.S.C. 3582 (c)(1)(a)

### Extraordinary and compelling reasons

### Coronavirus Pandemic

Petitioner asserts that his health is at risk during, what seems to be, a never-ending pandemic. Though petitioner has recovered from lymphoma cancer, he does fear that it could re-surface, especially because of many variants that mutate from Covid-19, and become more transmissible, thus invading the protection of the vaccines. Petitioner fears that eventual, one of these variants will be more dangerous if contracted. Though petitioner is not currently aware of any active cases in the facility, the facility operates on a "color code", thus changing from red, yellow or green, depending on the transmissible rate in the surrounding community, thus him fearing that the virus could still ravage the prison from a staff member or members possibly bringing it in..

Also, during these past two and a half years, prison conditions have changed for the worst. Not having any physical contact with family, constant lockdowns and lack of in-person programs has been very stressful. Congress did not intend for a prisoner to have to serve his sentence in this manner, thus making this sentence "cruel and unusual punishment" in violation of the eigth amendment of the constitution.

Petitioner's mental health is affected by the manner in which he is doing his time nd also emotionally affected.

### Prior convictions

Petitioner claims that two of the prior convictions used to enhance him as a career offender should not count because they are not "serous drug felonies" (The April 6, 1998 conviction for which he received 5 years probation and the November 7, 2002 conviction for which he received a one year sentence). Under the First Step Act, section 401, in order for a conviction to qualify for purposes of 851 enhancements, the prior conviction must be a "serous drug felony", and one of

the prongs is that you have served more than one year in prison on a sentence. Petitioner served probation on one sentence and served exactly a year on another sentence.

If these two prior convictions can't be use to enhance a defendant under section 851, then how could these same two convictions be used to enhance petitioner under the career offender guidelines when they are not "serious drug felonies"? Also, Petitioner argues that the "New York Penal Law" is not a categorical match for the term "controlled substance" used in the Federal Analogue. In United States v. Boyce (June 15, 2022), that defendant argued that; the term narcotic drug as used in the New York Penal Law is not a categorical match for the term "controlled substance" used in the federal analogue because the New York statute on it's face reaches beyond the generic Federal definition, (U.S. V Thompson, 961 F.3d) and criminalizes the sale and possession of all cocaine's isomers, including positional isomers, and not just geometric and optical isomers. It was further argued that the legislatures' decision no to qualify or limit the definition of isomer under the New York statue was considered and is neither vague nor ambiguous.

The Court said in the Boyce case: "This Court thus joins the growing list of Courts in this circuit that have held that there is no categorical match between a controlled substance under federal law and a narcotic drug under New York Penal law. See U.S. v. Hagora S.D.N.Y. Mar. 9 2022) and Gutierrez-Campos, 2022 U.S. Dist. Lexis 18908 2022 WL 281582 at * 14. This is Petitioner's view as well concerning the law.

Petitioner argues that without the career offender enhancement, his guideline range would have been 70 to 87 months.

### 3553 (a) factors (Rehabilitation)

Petitioner's projected release date is "October 5, 2025". Petitioner had a rough upbringing and made many mistakes in his youth. Mistakes that he is nor proud of, but mistakes he has definitely learned from. Through time, the hardships and time away has built character. Petitioner has learned that the true definition of "insanity" is to keep doing the same things over and expecting a different result. Petitioner knows that has life had to change for the better and it has. Petitioner is still a dedicated father. He understands that no prison walls nor distance should ever stop a man from being a great father. So everyday he still strives to be the best version of himself for his children and family. Petitioner has received only 2 incident reports during his incarceration, with the last incident report being in 2015. He has maintained clear conduct since. He has been employed as a barber at the facility and on his own time teaches young men how to cut hair so they can go home and have a profession that is attainable, thus giving themselves another way instead of street crimes. Petitioner has completed many programs and respects and is well respected by staff and inmates alike. Petitioner was also a great worker in Unicor, which strengthened his work ethic.

## Second circuit

The Court can find that several factors support a finding of extraordinary and compelling reasons: A defendants' upbringing and youth at the time of the crimes committed; A defendants' family circumstances; the disparity between the sentence he received when he was sentenced and what he would receive under current law; and his rehabilitation.

Several courts in this circuit have recently granted compassionate release or sentence reductions pursuant to section 3582 to defendants similar to petitioner's, who had difficult upbringing and committed serious crimes, including drug trafficking, at a young age, but who have shown, among other mitigating factors, proof of rehabilitation. U.S. v. Ramsey, 538 F, Supp, 3d 407 (S.D.N.N.Y 2021).

In U.S. V Ray Anthony Ramirez, (S.D.N.Y. 2021), that defendant was granted a sentence reduction, where at the age of 17, he followed a gang leader's order to shoot a rival gang leader, ultimately killing two innocent bystanders.

In U.S. v. Cruz (D. Conn. Apr 9, 2021) that defendant was granted a sentence reduction who at 19 years old, was a leader in a drug trafficking organization that distributed large quantities of heroin from 1996-1998 and who participated in two murders.

In U.S. v Robles, 553 F. Supp. 3d, that defendant was granted compassionate release, who at the age of 15 joined the Latin Kings gang and committed two murders at age 18. Based on his age at the time of the crimes, the length of his sentence, his "truly exceptional" rehabilitation, and family circumstances, including his mother's health.

In U.S. v. Glynn (S.D.N.Y. Feb 24, 2022), that defendant was granted a sentence reduction, because the court found extraordinary and compelling reasons to reduce 32 year mandatory minimum sentence imposed for robberies defendant committed at age 23.

In U.S. v Millan (S.D.N.Y. Apr 6, 2020) that defendant was granted a sentence reduction, where he was a gang leader and for 7 years participated in a drug trafficking organization that distributed hundreds of grams of crack cocaine, and who had been convicted at trial of murder in aid of racketeering, narcotics conspiracy, and use of a firearm, based on his difficult upbringing, youth at the time of the crimes, health concerns, and rehabilitation.

## Exhausted Requirement

Petitioner asserts that he has exhausted the administrative remedies. His request was sent to the Warden of FCI Schuylkill on August 2, 2022 and was denied, August 25, 2022.

## Conclusion

Petitioner requests this Honorable Court to grant his motion for "Compassionate Release", under 18 U.S.C. section 3582 (c)(1)(a). Petitioner has showed "extraordinary and compelling" reasons, warranting a sentence reduction and/or release from custody.

Petitioner has a residence to go to and also will be employed upon being released.

9-15-2022
Date

Application for compassionate release, pursuant to 18 U.S.C. Section 3582, is denied. Mr. Granger largely repeats the arguments he made in support of his first application for compassionate release. Mr. Granger does not explain how he is any more at risk from Covid than he did in his first failed application. Indeed, since his application, vaccines have been made available that dramatically reduce the risk of serious illness from Covid. Regarding Mr. Granger's rehabilitation efforts and his status as a father, while these are commendable, they do not rise to the level of being extraordinary. Finally, even if Mr. Granger did establish extraordinary circumstances in support of his application, consideration of the factors in 18 U.S.C. Section 3553(a) weighs strongly against this application. Mr. Granger's violent conduct in this case and in his criminal history is simply to serious to justify his early release. Thus, the application for compassionate release is denied.

Kareem Granger
#65643054
FCI Schuylkill
P.O. Box 759
Minersville, PA 17954

However, Mr. Granger also appears to make a claim suggesting that he should not be considered a career criminal, this application is more appropriately understood as being a habeas corpus application. The Government is to address this argument by 11/18/22.

The Clerk is to mail a copy of this document to Mr. Granger.

So Ordered.

10/17/22

Certificate of Service

I certify a copy of the forgoing motion for Compassionate Release was placed in Institution mailbox on 9-15-2022, to be sent to AUSA Andrew Bauer at address: _____, and another copy to clerk of the Court, to be delivered to sentencing judge, The Honorable Kenneth M. Karas, at address: 300 Quarropas Street White Plains, NY 10601

Kareem Granger

*Kareem Granger*

9-15-2022
Date

Note*
Petitioner was unable to find the U.S. Attorney's address, so all copies are being sent to the Clerk of the Court.



RECEIVED SEP 20 2022 U.S.D.C. W.P.



```
GRANGER, Kareem
Reg. No. 65643-054
Unit 3B
Page 1 of 2
```

## Inmate Request to Staff Response

This is in response to your Request to Staff received on August 2, 2022, in which you request Compassionate Release/Reduction in Sentence (RIS). You are also being considered under the Coronavirus Aid, Relief, and Economic Security (CARES) Act in accordance with Attorney General William Barr's Memorandum, dated March 26, 2020, and the First Step Act. Specifically, you stated your request is based on underlying health conditions, the variants of COVID-19, alleged dangerous and harsh conditions, and extraordinary and compelling reasons unforeseen at the time of sentencing.

Title 18 of the United States Code, section 3582(c)(1)(A), allows a sentencing court, on motion of the Director of the BOP, to reduce a term of imprisonment for extraordinary or compelling reasons. BOP Program Statement No. 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g), provides guidance on the types of circumstances that present extraordinary or compelling reasons, such as the inmate's terminal medical condition; debilitated medical condition; status as a "new law" elderly inmate, an elderly inmate with medical conditions, or an "other elderly inmate"; the death or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the inmate's spouse or registered partner. Your request has been evaluated consistent with this general guidance.

A review of your case indicates your medical history, does not meet the criteria as stated above, regarding a Compassionate Release/Reduction in Sentence (RIS) for inmates with medical circumstances. You are currently able to independently adapt to activities of daily living and are able to perform self-maintenance activities in a correctional environment. Additionally, you did not provide all the required information to include where you will receive treatment, how you will pay for such treatment, and a verifiable release plan.

Currently, section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES ACT") grants discretion to the BOP to place inmates on home confinement for a longer term under 18 U.S.C. 3624(c)(2). The BOP's discretion is guided by criteria listed in memorandum from the Attorney General regarding Home Confinement dated March 26, 2020. After a review of your case, we have determined you are not suitable for priority placement on Home Confinement. Specifically, your security classification of Medium and your current violent offense disqualifies you from priority placement.

```
GRANGER, Kareem
Reg. No. 65643-054
Unit 3B
Page 2 of 2
```

Inmate Request to Staff Response

Additionally, you stated your request is based on the alleged dangerous and harsh conditions, and the extraordinary and compelling reasons unforeseen at the time of sentencing. There is no evidence of dangerous or harsh conditions. Furthermore, the Federal Bureau of Prisons does not have the authority, through the Compassionate Release/Reduction in Sentence procedures, to change your sentencing. You may petition your sentencing court.

Accordingly, your request for Compassionate Release/Reduction in Sentence and Home Confinement under the CARES Act is denied.

If you are not satisfied with this response to your request, you may commence an appeal of this decision via the administrative remedy process by submitting your concerns on the appropriate form (BP-9) within 20 days of the receipt of this response.

_____          8·25·22
J. Sage, Warden                    Date

Federal Correctional Institution Schuylkill
P.O. Box 759
Minersville, PA 17954-0159

RECEIVED
SEP 20 2022
U.S.D.C.
W.P.

Court Clerk
300 Quarropas St
White Plains, NY 10601

LEGAL MAIL

Legal Mail                                                    Legal Mail